## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| NARENDRA N. PATEL | § | |
| | § | |
| V. | § | **A-10-CA-242 SS** |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | |

## ORDER

Before the Court are Plaintiff's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1) and Plaintiff's Request for Appointment of Counsel (Clerk's Docket No.2), both filed on April 7, 2010.   The District Court referred the above to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.  Application to Proceed *In Forma Pauperis*

After considering Plaintiff's financial affidavit the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status and ORDERS his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1).  The Court FURTHER ORDERS the Clerk to issue summons in this case and ORDERS the United States Marshal's Service to attempt service in this case without pre-payment of a service fee.

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under 28 U.S.C. §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous . . . ."  After reviewing Plaintiff's Complaint, the Court has determined that it

should not be dismissed as frivolous at this juncture.  However, the Court cautions Plaintiff that the Court may make a determination in the future that the action should be dismissed because the allegation of poverty is untrue or the action is frivolous or malicious.   28 U.S.C. § 1915(e).  The plaintiff is further advised that, although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court against him at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.  Request for Appointment of Counsel

In the instant lawsuit, Plaintiff alleges that his former employer, the Texas Department of Transportation ("TxDOT") discriminated against him because of his race, religion, national origin and prior complaint of discrimination, in violation of Title VII of the Civil Rights Act of 1964.  Title VII provides that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant. . . ." 42 U.S.C. § 2000e-5(f)(1).  Although this section grants the right to request an attorney, it does not guarantee a litigant will have one appointed.  The decision to appoint an attorney is within the broad discretion of the trial judge given the particular facts of the case. *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990).  The following three factors are generally balanced by the courts in determining whether to appoint an attorney: (1) the merits of the claim, (2) the plaintiff's own efforts to secure counsel, and (3)  the plaintiff's financial ability to retain private counsel.  *Gonzalez*, 907 F.2d at 580; *Maxwell v. Kight*, 974 F. Supp. 899, 902 n.2 (E.D. Tex. 1996).  Courts have also considered a plaintiff's ability under the circumstances of the case to present the case without the assistance of an attorney.  *Poindexter v. FBI*, 737 F.2d 1173, 1189 (D.C.Cir. 1984), *cert. denied*, 107 S. Ct. 911 (1987); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Young v. K-Mart Corp.*, 911 F. Supp. 210, 211 (E.D. Va. 1996); *Maxwell*, 974 F. Supp. at 902 n.2.

In considering a motion for appointment of counsel in a Title VII action, the court must also remain mindful of the unfairness of imposing involuntary servitude upon a member of the bar when likelihood of success upon claims appears slight. *Tatum v. Community Bank*, 866 F. Supp. 988, 995 (E.D. Tex. 1994). Moreover, there are no federal funds allocated to the prosecution of civil lawsuits. For that reason, if the Court were to appoint an attorney, counsel would have to serve entirely without compensation unless the lawsuit is successful and attorney's fees are awarded.

### A. Financial Ability to Retain Private Counsel

Based upon the financial affidavit filed with the Court, the undersigned has granted Plaintiff *in forma pauperis* status. Given this, it cannot be said that this factor cuts toward denying his Request for Appointment of Counsel.

### B. Efforts to Secure Counsel

To be eligible for appointed counsel, plaintiff must make "a reasonably diligent effort under the circumstances to obtain counsel." *Lee v. United States Postal Service*, 882 F. Supp. 589, 594 (E.D. Tex. 1995) (quoting *Bradshaw v. Zoological Soc'y*, 662 F.2d 1301, 1319 (9th Cir. 1981)). Courts have suggested that a significant inquiry on this issue is whether the complainant has pursued the possibility of a contingent fee arrangement in his efforts to locate an attorney. *Lee*, 882 F. Supp. at 594.

In his Request for Appointment of Counsel, Plaintiff relates that he has contacted several attorneys who declined to represent him. However, Plaintiff does not state whether he has pursued the possibility of a contingent fee arrangement in his efforts to locate an attorney. It also does not appear that Plaintiff has contacted a legal aid organization; though this is not entirely clear from the application.

### C.  Merits of the Case

Examination of the merits of the case *sua sponte* before the defendant has been required to answer is similar to the frivolousness review called for when a party is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2), in that it cannot serve as a fact finding process for the resolution of disputed facts.  *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992).  In response to a motion for appointment of counsel in a Title VII discrimination case, one court stated:

> Appointment of counsel is warranted only if Plaintiff's position seems likely to be of substance. . . .  A plaintiff who has stated a claim but has stated scant evidence in support of that claim can expect to survive a motion to dismiss and yet fail to obtain appointment of counsel.

*Reado v. Texas General Land Office*, 929 F. Supp. 1046, 1053 (E.D. Tex. 1996) (*citing Smith v. City Univ. of N.Y.*, 1993 WL 106395 at *3 (S.D.N.Y. Apr. 7, 1993)).  As noted above, it does not appear that this case is frivolous because, on the face of his Complaint, Plaintiff has stated a claim upon which relief can be granted.

### D.  Plaintiff's Ability to Present His Case

As this case is in the beginning stages, there is limited information to allow this Court to gauge Plaintiff's ability to present his case, but what the Court has seen is favorable.  First, Plaintiff notes that he is a college graduate.  In fact, Plaintiff has both a B.S. and a Master's degree in Civil Engineering.  Further, it seems evident that Plaintiff has been exposed to at least some of the nuances of a Title VII discrimination suit.  Plaintiff filed his claim with the EEOC and appears to have followed all of the necessary procedures to preserve his discrimination claim.  Finally, Plaintiff's complaint evinces an ability to understand what is necessary to prosecute a lawsuit in federal court.

**E.      Denial of Appointed Counsel**

Considering all of the above factors, the Court declines to appoint Plaintiff an attorney at this time.  The Court finds that Plaintiff has demonstrated the ability to adequately represent himself, as is evidenced by navigating the EEOC process and by filing a complaint in federal court.  Further, Plaintiff's efforts to locate counsel appear to be somewhat lacking, given that he does not disclose whether he pursued the possibility of a contingent fee arrangement in his efforts to locate an attorney, nor does he make clear that he has in fact contacted a legal aid association or legal aid referral service.   For these reasons, Plaintiff's motion for an appointed attorney is DENIED at this time.

### III. Conclusion

As stated above, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1).  The Court **FURTHER ORDERS** the Clerk to issue summons in this case and **ORDERS** the United States Marshal's Service to attempt service in this case without pre-payment of a service fee.  Finally, Plaintiff's motion for an appointed attorney is **DENIED**.

SIGNED this 16th day of April, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE